### William Brancecum v. S. H. Simmons.

1. JUSTICE OF THE PEACE—*right to act as attorney.* There is nothing in the law or general practice that prohibits a justice of the peace from acting as attorney in behalf of suppliants at the bar of the court over which he presides.

2. JUSTICE OF THE PEACE—*right to recover for services in making collections.* A justice of the peace is entitled to recover compensation for services rendered in making collections for and at the request of another.

Action commenced before justice of the peace. Appeal from the Circuit Court of Johnson County; the Hon. WARREN W. DUNCAN, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

O. R. MORGAN and SPANN & COWAN, for appellant.

T. H. SHERIDAN and L. O. WHITNEL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit before a justice of the peace to recover of appellant for services in collecting a debt due appellant from one Dan Webb. The justice gave judgment in favor of defendant (appellant) from which an appeal was taken to the Circuit Court, where, upon trial without a jury, the finding and judgment was in favor of plaintiff (appellee) for the sum of $16.20. Defendant appealed to this court.

The rulings of the trial court in the admission of evi-

dence and the finding of facts from the evidence heard, are the only matters presented for review. Complaint is made of the admission of plaintiff's exhibits " A " and " B." As tending to show defendant's prior notice that plaintiff was in the collection business for which he charged fees, and the scale of charges therefor, the exhibits were properly considered in evidence, though their admission or exclusion would havé little bearing upon the merits of the case. There is nothing in the law or general practice, so far as we are informed, that prohibits a justice of the peace from acting as attorney in behalf of suppliants at the bar of the court over which he presides. The services for which this suit was brought were performed by request of the defendant and, under the evidence, were reasonably worth the sum awarded by the trial court. At the very least the evidence tends to prove a request by the defendant and the service by the plaintiff, from which the law conclusively presumes the intention and promise of the defendant to pay for the same. The finding of the court upon the evidence presented is conclusive, as is that of the verdict of the jury, unless it may be said that the verdict or finding, as the case may be, is clearly against the preponderance of the evidence, and that manifest injustice has been done. The record in this case does not warrant such conclusion. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*